AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Winter Lillie DOBBS<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 2:19-mj-768<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 23, 2019__ in the county of __Ross__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) | knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent Zachary Bennett
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Sept. 24, 2019

*Judge's signature*

City and state: Columbus, Ohio     Kimberly A. Jolson, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

Your Affiant, Zachary Bennett, having been duly sworn, state the following:

## INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since 2018. I graduated from the DEA Academy located in Quantico, Virginia and received approximately 16 weeks of specialized narcotics related training.  The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations.  I am currently assigned to the Columbus District Office in Columbus, Ohio.

2. As a DEA Special Agent, I have participated in the execution of search warrants at residences and businesses used by narcotics traffickers and have participated in numerous arrests for drug related state and federal offenses.  I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics.  I have also interviewed persons arrested for the distribution of illegal narcotics.  I have spoken with more experienced narcotics investigators with whom I have worked concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations.  Through the course of my investigations and through informal training from more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances.

## PURPOSE OF AFFIDAVIT

3. This Affidavit is made in support of a federal arrest warrant and complaint against Winter Lillie DOBBS (hereinafter referred to as "DOBBS").  My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation.  I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that DOBBS has committed a violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(B)(viii), that being distribution of 50 grams or more of Methamphetamine, a Schedule II controlled substance.

## SUMMARY OF PROBABLE CAUSE

4. On September 23, 2019, at approximately 1:22 a.m., Ohio State Highway Patrol Trooper Josh McCarty initiated a traffic stop on a 2010 Cadillac CTS bearing Ohio registration J554514 on US-23 in Ross County, Ohio. The reason for the traffic stop was due to a speed violation.

5. Trooper McCarty made contact with the driver of the Cadillac, Charles CLARK, who was found to have a felony arrest warrant for possession of criminal tools out of Scioto County, Ohio. CLARK also admitted to having heroin in his pocket. CLARK was subsequently arrested on the felony warrant out of Scioto County, Ohio. The suspected heroin was recovered from CLARK and weighed approximately 1 ounce.

6. Trooper McCarty made contact with the front seat passenger, Kristen Nicole ADAMS of Portsmouth Ohio. ADAMS was found to be in possession of four bags of suspected methamphetamine in plain view on the front passenger floorboard. The suspected methamphetamine weighed approximately 455.86 grams of methamphetamine. ADAMS was also found to be in possession of suspected crack cocaine weighing approximately 4.8 grams. The cocaine was located in ADAMS' bra. ADAMS admitted to using cocaine earlier in the evening.

7. Trooper McCarty also made contact with the back seat passenger, Winter Lillie DOBBS. DOBBS willingly surrendered one bag of suspected methamphetamine from her bra. A search incident to arrest revealed a second bag of methamphetamine hidden inside DOBBS' pants. Later, while returning to the Chillicothe Post, DOBBS admitted to having a third bag of methamphetamine hidden within her vagina, which she willingly removed. DOBBS was in possession of approximately 434.9 grams of methamphetamine and 13.9 grams of crack cocaine. The cocaine was located in DOBBS' bra.

8. A fourth individual, identified for purposes of this affidavit as B.P., was sitting in the rear left passenger seat. B.P. did not admit to possession of any narcotics at the time of the traffic stop. Trooper McCarty transported B.P. to the Chillicothe post for further investigation.

9. DOBBS was transported to the Chillicothe Ohio State Trooper Post to be interviewed by law enforcement. Prior to conducting the post-arrest interview, DEA TFO Ellison verbally read DOBBS her Miranda Warnings and provided her with the Ohio State Police (OSP) Constitutional Rights Waiver form. DOBBS acknowledged she understood her rights and voluntarily signed the Constitutional Rights Waiver form agreeing to speak with investigators. During the post arrest interview, DOBBS admitted to knowledge and possession of the suspected methamphetamine as well as the crack cocaine

10. TFO Ellison field tested the suspected methamphetamine and received a positive result for methamphetamine, a Schedule II controlled substance. TFO Ellison also field tested the suspected heroin and crack cocaine and received a positive result for both; heroin is a Schedule I controlled substance and crack cocaine is a Schedule II controlled substance.

Based upon my training and experience, the quantities of drugs recovered from ADAMS and DOBBS are indicative of distribution.

## CONCLUSION

11. Based upon this information, Your Affiant believes probable cause exits that on the above date, Winter Lillie DOBBS knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

Zachary Bennett, Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me this 24 day of September, 2019.

KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

3